### Thomas, et al. v. Kentucky Trust & Security Company, et al.

### Hopewell, et al. v. Appleby.

(Decided December 4, 1913).

### Appeals from Fayette Circuit Court.

Usury—Plea of Personal.—The plea of usury is a personal one, and is allowed for the benefit of the borrower; he may renounce the benefit if he chooses or he may avail himself of its protction. Appellants are each entitled, therefore, to sue for themselves, but not for the benefit of numerous unknown parties who, it is alleged, have paid usury to appellees in large, but indefinite sums.

J. T. FARMER, A. M. BAKER for appellants.

W. C. G. HOBBS, WM. WORTHINGTON for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

These cases presenting practically the same state of facts, and involving identical legal propositions are considered together. The lower court sustained general and special demurrers to the petition in each case. It seems that Scott B. Appleby conducts two loan offices in Lexington, one in the name of the Kentucky Trust & Security Company, and the other in his own name.

Appellants sued to recover usury paid to appellees for sundry loans. They undertake to sue not only for themselves, but for the benefit of numerous unknown

parties who, it is alleged, have paid usury to appellees in large but indefinite sums. If the appellants could join in an action in order to give the court jurisdiction by showing that the aggregate amount claimed by each was above the jurisdictional amount, and this we do not admit, still appellants do not show that the lower court, or this court has jurisdiction. The aggregate amount of usury which Hopewell and Thomas claim to have paid is $33.89, and the amount that Thomas and Rice claim to have paid is $49.20. So it is seen that neither the lower court, nor this court has jurisdiction, unless appellants are within their rights in suing for the benefit of all the parties who, it is alleged, have paid usury to appellees largely in excess of the jurisdictional amount. This court has uniformly held that the plea of usury is a personal one, and is allowed for the benefit of the borrower; he may renounce the benefit if he chooses, or he may avail himself of its protection. In discussing the matter of usury this court, in the case of Campbell v. Johnson, 4 Dana, 182, held that a stranger could not take advantage of such a plea against the will or consent of the borrower who, if present, might refuse to plead or rely upon it. Therefore, it cannot be said that appellants bring themselves within the provision of section 25 of the Code allowing one or more to sue for the benefit of all where the question involves "a common or general interest of many persons." Here each right of recovery is based upon a separate and independent contract, and although the action is founded upon the same statute of usury, still it does not follow that each has *a common or general interest* in the subject matter.

The petition shows that appellees have property subject to execution far in excess of the claims of appellants, and there is nothing in the cases to indicate that, if appellants succeed, other parties who have paid usury, even if they desired to recover, would thereby be prejudiced. There is here only a question of law that is of common or general interest. There is no joint right of action, and no common or general interest in any particular fund or property in which one creditor may, or is about to gain any preference or unfair advantage. (Oswald v. Morris, 92 Ky., 52.)

Appellees' motion to dismiss for want of jurisdiction is, therefore, sustained.