**SAXTON v. W. S. ASKEW CO.**

**No. 51.**

District Court, N. D. Georgia,
Newnan Division.

Nov. 4, 1940.

A. W. Touchton and Myer Goldberg, both of Newnan, Ga., for plaintiff.

Jones & Atkinson, of Newnan, Ga., for defendant.

RUSSELL, District Judge.

Plaintiff filed a complaint against defendant "in his own behalf and in behalf of all the former and the present employees of the defendant company to whom there is due any sum or sums whatever for unpaid minimum wages, and unpaid overtime compensation, growing out of their employment by defendant between the twenty-fourth day of October, 1938, and the third day of July, 1940, to recover for himself and for each of said present and former employees all such unpaid minimum wages and unpaid overtime compensation, together with additional equal amounts as liquidated damages, reasonable compensation for plaintiff's attorney, and costs, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq."

It is alleged that at all times within the period above set forth defendant was engaged in the production of lumber in interstate commerce, and that during the work weeks beginning October 24, 1938 and ending July 3, 1940 defendant employed "plaintiff and a great number of other men" in interstate commerce "there being an average of fifty or more men so employed," and failed to compensate them at the statutory rate "but has paid them at rates not in excess of twenty cents an hour, and in many instances not in excess of twelve and one-half cents an hour."

That during said time plaintiff and defendant's other employees were required to work longer than the hours provided by statute, for which defendant failed to compensate them at the rate of time and a half for overtime, but required its employees to work as much as seventy-eight hours a week without any compensation for the excess hours. That defendant is therefore indebted to plaintiff and to "each of its other former and present employees in various large sums of money, the alleged requisite details and amounts being peculiarly within the knowledge of defendant." It is prayed that the plaintiff "and each of the former and present employees of defendant" do recover the sum of $1,000, and the amount found to be due each under the provisions of the Act, together with liquidated damages and attorney's fees for plaintiff's attorney.

Defendant filed a motion for a more definite statement and for a bill of particulars, asserting the complaint to be defective in that it does not inform defendant by whom it is being sued, other than the plaintiff; that it does not show by what right or authority plaintiff brings the complaint and asserts no contention that he has been designated by any of the other employees to maintain the action for them, nor does it set out what amount is being sued for by plaintiff and the other parties sought to be named, and whether suit is brought for unpaid minimum wages or unpaid overtime compensation; and that defendant is entitled to know when and to whom it is sought to apply the allegations as to nonpayment and overtime work.

The only serious question presented is with reference to the parties, and the right of plaintiff to represent the other employees referred to. In passing the Fair Labor Standards Act, Congress provided three means to secure enforcement and compliance with its terms, viz.: (1) Prosecution criminally; (2) injunction to restrain violations of the Act; and (3) (with which the present case is concerned), imposition of liability to the extent of unpaid wages and unpaid overtime compensation, and an additional equal amount as liquidated damages. It provided that action to recover liability to employee or employees may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated." 29 U.S.C.A. § 216(b).

It seems a fair construction of the terms of the Act with reference to the

collection of unpaid compensation, that it was not the intention of Congress to broaden any of the procedural and substantive rules of class actions, and it would seem that where under the Act a suit is filed by one or more employees for themselves and others similarly situated, showing violation of the statute, but different and divergent rights to plaintiffs as a result thereof, the action is not a class action in any extent greater than permits any other employee similarly situated to intervene therein, setting up his specific claim.

In such an instance there can be no intention implied that Congress in the passage of the Act, and by use of language having well defined meaning in equitable proceedings, intended the entire question of liability for unpaid minimum wages, and unpaid overtime compensation, or both, or one, or part of one and part of the other, to constitute a nexus on which may be centered the "similar" rights of employees having one or the other, or both, of such claims to have their rights adjudged, or maybe precluded, by an action maintained by another, of which they might have no knowledge. Wabash Railroad Company v. Adelbert College of the Western Reserve University, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379, 388.

The rights of neither employees nor employers could be safely guarded by permitting such procedure, which would offer frequent opportunity for imposition upon either or both.

It is not alleged in the petition that each employee is similarly situated; on the contrary, it is apparent that as to the respective employees there will be differences as to time worked, wages actually due and hours of overtime involved.

While the provisions of the statute may authorize true class actions under certain circumstances, the present petition does not present allegations sufficient to justify such procedure. Furthermore, it is not clear that in this kind of suit the one plaintiff alone could secure the adequate representation of all of the employees, to rights accruing over a period of some two years. The allegations of the petition do not present a true class action and it is apparent that only those parties who are named and actually before the Court are involved. The action does not involve one single question of whether the law has been violated, but rather the varying rights of the employees (past and present) of defendant because of violation.

The petition presents a situation opposite to that provided for by the applicable provisions of Rule 23, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that "If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is * * * (3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

Instead of the "character of the right" being "several" and there being a "common question of * * * fact affecting the several rights" as provided by the Rules, in the circumstances alleged here the "character of the right" is "common" and the "questions of fact" are several, and it might be added affect the "common" rights. The case comes more properly under Rule 24(b), Rules of Civil Procedure, supra: "Upon timely application anyone may be permitted to intervene in an action * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

The pleading is so construed as to do substantial justice.

Thus construed, the present action is one by the plaintiff brought under the Act to which any employee entitled to assert a claim under the allegations of the bill may by intervention do so, and being so construed (though not in accordance with the contentions of the plaintiff), defendant's motion for information as to parties and authority of plaintiff is overruled.

As to the plaintiff it is alleged that at all times during a designated period, he was not paid the statutory minimum wage and was required to work more than the statutory hours and defendant can prepare its pleadings and for trial as to this. If in fact an employer within the terms of the Act, defendant has records which will give it all information which cannot be obtained by discovery and interrogatories, and this part of the motion is likewise overruled.

 Plaintiff seeks an injunction to prevent the defendant from violating Section 15(a) (3) of the Fair Labor Standards Act, and defendant moves to strike the allegations of this paragraph as irrelevant, impertinent and scandalous. In the absence of allegations that there has been any threat or violation by defendant of such provisions of the statute, it appears that this paragraph of the complaint is immaterial and subject to be stricken, and it is so ordered, without prejudice to any right of plaintiff to supplement the complaint should proper occasion arise.