## BROOKS et al. v. SOUTHERN DAIRIES, Inc.

### Civ. No. 243–M.

District Court, S. D. Florida, Miami Division.

March 7, 1941.

Vernon Hawthorne and Allen Clements, both of Miami, Fla., for plaintiffs.

Paul C. Taylor, of Miami, Fla., and John J. Carmody, of Washington, D. C., for defendant.

WALLER, District Judge.

The plaintiffs having filed a petition for rehearing on paragraph 2 of the order of this Court made in this cause on the 2d day of December, 1940, and the Court, having considered said petition for rehearing, together with the briefs of counsel for both sides, is of the opinion:

That a class suit can be maintained under the Fair Labor Standards Act, 29 U. S.C.A. § 201 et seq., by an employee as the representative of the same class of employees to which he belongs for the purpose of determining whether or not such employee, and class to which he belongs, and the employer were engaged in interstate commerce or engaged in the production of goods for commerce so as to come within the provisions of said Act or so as to determine whether or not such employee or employees and the employer were within the provisions of said Act.

However, the Court is of the opinion that no judgment could be entered in favor of any employee against such employer, under the provisions of the said Act, for any specific sum of money unless each employee was either (a) a party to the suit, or (b) had expressly designated some one to represent him in said suit, or (c) had intervened in said suit.

I deem it beyond the power of Congress to force one to become a plaintiff against his will or without his consent, or to select for him an agent or attorney to represent him. I further am of the opinion that an employee has the right to determine whether or not he wishes to sue his employer, as well as to select his own

counsel and to furnish his own testimony as to the amount due him in any suit. I further think that an employee not coming into said suit of his own volition would not be bound by the judgment. Certainly the Act in question does not attempt to authorize any one to receive any monies belonging to him or to receipt for same or to satisfy any judgment procured under said Act. I concur in the reasonings of the District Judge of the Northern District of Georgia in the case of Saxton v. W. S. Askew Company, 35 F.Supp. 519, decided November 4, 1940.

For the foregoing reasons, petition for rehearing in said cause is hereby denied.