## SHAIN v. ARMOUR & CO.

No. 256.

District Court, W. D. Kentucky, Louisville Division.

Aug. 28, 1941.

Cohen, Fisher & Williams, of Louisville, Ky., for plaintiff.

Bruce & Bullitt, of Louisville, Ky., for defendant.

MILLER, District Judge.

This action was brought by the plaintiff Alfred C. Shain on behalf of himself and all others similarly situated against the defendant Armour and Company under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201 through 219. Recovery is sought for overtime wages alleged to be due under Section 7(a) of the Act, 29 U.S.C.A. § 207(a). The defendant has moved to strike from the complaint as amended all allegations and references to other employees "similarly situated", contending that the statute does not authorize such a class suit under the conditions herein existing. No other employees are specifically named in the amended complaint, and no allegations as to the specific amount of overtime employment are made with reference to any employee other than the plaintiff Shain.

 The question is controlled by Section 16(b) of the Act, 29 U.S.C.A. § 216(b). This provides that any employer who violates the provisions of the Act pertaining to maximum hours shall be liable to the employee or employees affected in the amount of their unpaid overtime compensation, and an additional equal amount as liquidated damages. It then provides "action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated." Defendant contends that this statutory provision must be construed in accordance with generally accepted principles applicable to class suits, which means that class suits are not authorized where the parties sought to be represented have claims which are distinct and a subject of an independent suit, even though there may be a common question of law involved. Thomas v. Kentucky Title & Security Co., 156 Ky. 260, 160 S.W. 1037; Batman, Jr., v. Louisville Gas & Electric Co., 187 Ky. 659, 220 S.W. 318; Garfein v. Stiglitz, 260 Ky. 430, 86 S.W. 2d 155; Bickford's, Inc. v. Federal Reserve Bank of New York, D.C.N.Y., 5 F.Supp. 875; Elston v. King County, 178 Wash. 210, 34 P.2d 906; Society Milion Athena, Inc. v. National Bank of Greece, 281 N.Y. 282, 22 N.E.2d 374. Those cases were decided in accordance with familiar equity practice as codified by state statutes or Equity Rules, 28 U.S.C.A. following section 723 Appendix. Such procedure is not controlling in the present case, which

490

is governed by a Federal statute differently worded and evidently intended by its wording to be much broader in scope. The Federal statute authorizes an employee to sue for himself "and other employees similarly situated." It is very comprehensive and inclusive; it contains no restrictions other than that the other employees be similarly situated. To read into it the restrictions claimed by the defendant to exist would for all practical purposes completely nullify the provision. It is of course true, as the defendant contends, that many differences exist between the plaintiff and other employees of the defendant even though engaged in the same type of work, such differences being as to the time worked, wages actually due, and hours of overtime involved. But such differences merely mean that their positions and claims are not identical; it does not follow that they are not similar. Employees may be similarly situated without being identically situated. The evident purpose of the Act is to provide one law suit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other. In such instances, where liability is denied by the employer, there are certain questions of both law and fact which are common to all employees engaged in the same character of work such as whether or not the employer is engaged in the production of goods for commerce, whether or not the particular work of the employees involved constitutes the production of goods for commerce, and whether or not any of the existing exemptions apply. It is in accordance with sound public policy to provide for the determination of such common questions, depending as to each employee upon the same identical facts, in one litigation instead of many independent suits. The question is purely a procedural one subject to regulation by statute. The plain words of the statute, which modify the existing equity practice in so far as this type of litigation is concerned, should therefore control insofar as they are not violative of constitutional provisions. See Brooks v. Southern Dairies Inc., D.C.S.D.Fla., 38 F.Supp. 588. Accordingly, I am of the opinion that the plaintiff in the present case has the right to prosecute this action both for himself and on behalf of other employees similarly situated, subject to the qualifications hereinafter stated, even though their claims may be separate and distinct and be different as to unimportant details.

The prosecution of such a class action must, however, be in accordance with the constitutional requirement of due process of law. Conditions must be such that the final judgment, either in favor of or against the plaintiff, is res judicata as to all the members of the class. Such is the situation in many instances where the interests of those present and of those who are absent are common and so united as to entitle the former to stand in judgment for the latter and to meet the requirement of due process of law. Such is not the case where different members of a class are free to either assert rights or to challenge them as their individual judgments dictate and the interests of the representatives of the class are not necessarily or even probably the same as those whom they are deemed to represent. The latter situation is the one existing in the present case unless and until other employees similarly situated for whom recovery is sought join with the plaintiff as parties to the action, intervene in the action, or have the record show that the plaintiff has been designated by them as the agent or representative to maintain such action in their behalf (as specifically authorized by the statute). Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741; Brooks v. Southern Dairies, Inc., supra; Saxton v. W. S. Askew Co., D.C.N.D.Ga., 35 F. Supp. 519; Id., D.C., 38 F.Supp. 323, 324. Such affirmative action on their part is necessary in order to show knowledge of the litigation in their behalf, their willingness to participate therein and to be so represented, and to bind them by the final judgment. This prevents the necessity of separate actions where the questions of law and facts are the same, which would be necessary in the absence of the statutory provision under consideration, and meets the due process of law requirements for class actions. Such seems to be the real purpose of the statute, regardless of the academic question of whether or not it is a true class suit. In order to carry out that purpose, the motion to strike the words referred to from the complaint as amended is overruled, but the action will proceed on behalf of only those who show that they are similarly situated and indicate their approval of this action in their behalf in one of the ways above set out.

Defendant has also moved to strike paragraph V from the complaint as amended. The facts alleged in this paragraph are not necessary to the cause of action herein asserted and are accordingly surplusage. This part of the motion is sustained.