**LOFTHER et al. v. FIRST NAT. BANK OF CHICAGO.**

No. 3320.

District Court, N. D. Illinois.

Oct. 16, 1941.

Abraham W. Brussell and Charles W. Stiefel, Jr., both of Chicago, Ill., for plaintiffs.

Amberg, Livingston, Kearns & Dahlin and John W. Kearns, all of Chicago, Ill., for defendant.

Frank J. Delany, Acting Regional Atty., Department of Labor, of Chicago, Ill., amicus curiae.

SULLIVAN, District Judge.

This suit was brought under Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), by certain named plaintiffs who are employees of defendant, on behalf of themselves and other employees alleged to be "similarly situated", to recover various sums claimed to be due for overtime not compensated for as provided in Section 7(a) of the Act.

The named plaintiffs describe themselves as elevator operators and janitors, and allege that they also bring the suit on behalf of "others similarly situated" whom they describe in the complaint as maintenance men, window washers, scrub women, watchmen, carpenters, plumbers, steam fitters, firemen, electricians, and others engaged in similar capacities.

Defendant has filed a motion to strike from the complaint all references to claims asserted on behalf of employees of defendant other than the named plaintiffs; and also asking for a bill of particulars.

Defendant first urges that this action brought by plaintiffs and "others similarly situated" is not a class suit within the meaning of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c.

Plaintiff answers that the complaint alleges sufficient facts to show the existence of a proper class suit within the meaning of Rule 23 of the Rules of Civil Procedure covering class actions.

Plaintiff further insists that Section 16 (b) of the Fair Labor Standards Act expressly confers the right on one or more employees to file a representative or class suit against the employer to recover for the employer's violation of the Act, regardless of the provisions of Rule 23, and that the allegations of the complaint satisfy the requirements of Section 16(b), which permits representative or class suits.

Rule 23 of the Rules of Civil Procedure provides:

"Rule 23. Class Actions

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

Section 16(b) of the Fair Labor Standards Act of 1938, Title 29 U.S.C.A. § 216(b), reads as follows: "any employer who violates the provisions of section 206 or section 207 of this chapter [title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

■ The character of the right here sought to be enforced is neither joint, nor common nor secondary, as set out under paragraph (1) of Rule 23. Whatever right any employee has to compensation for overtime is due him individually, and if successful in his suit he would be entitled to a separate money judgment in his favor. No specific property is involved, such as is provided for under paragraph (2). Nor is there a "common question of law or fact affecting the several rights" involved, nor is "a common relief" sought, as provided under paragraph (3).

In Saxton v. W. S. Askew Co., D.C., 35 F.Supp. 519, 521, the court said:

"While the provisions of the statute may authorize true class actions under certain circumstances, the present petition does not present allegations sufficient to justify such procedure. Furthermore, it is not clear that in this kind of suit the one plaintiff alone could secure the adequate representation of all of the employees, to rights accruing over a period of some two years.

The allegations of the petition do not present a true class action and it is apparent that only those parties who are named and actually before the Court are involved. The action does not involve one single question of whether the law has been violated, but rather the varying rights of the employees (past and present) of defendant because of violation.

"The petition presents a situation opposite to that provided for by the applicable provisions of Rule 23, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that 'If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is * * * (3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought.'

"Instead of the 'character of the right' being 'several' and there being a 'common question of * * * fact affecting the several rights' as provided by the Rules, in the circumstances alleged here the 'character of the right' is 'common' and the 'questions of fact' are several, and it might be added affect the 'common' rights. The case comes more properly under Rule 24(b), Rules of Civil Procedure, supra: 'Upon timely application anyone may be permitted to intervene in an action * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common.' "

And in the same case, when considering section 16(b), the court again said:

"It seems a fair construction of the terms of the Act with reference to the collection of unpaid compensation, that it was not the intention of Congress to broaden any of the procedural and substantive rules of class actions, and it would seem that where under the Act a suit is filed by one or more employees for themselves and others similarly situated, showing violation of the statute, but different and divergent rights to plaintiffs as a result thereof, the action is not a class action in any extent greater than permits any other employee similarly situated to intervene therein, setting up his specific claim.

"In such an instance there can be no intention implied that Congress in the passage of the Act, and by use of language having well defined meaning in equitable proceedings, intended the entire question of liability for unpair minimum wages, and unpaid overtime compensation, or both, or one, or part of one and part of the other, to constitute a nexus on which may be centered the 'similar' rights of employees having one or the other, or both, of such claims to have their rights adjudged, or may be precluded, by an action maintained by another, of which they might have no knowledge. Wabash Railroad Company v. Adelbert College of Western Reserve University, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379, 388."

Under the Civil Rules of Procedure any employee would have a right to institute his separate suit at law asking for a money judgment. I believe that Congress did not intend by Section 16(b) of the Fair Labor Standards Act of 1938 to permit a plaintiff or plaintiffs to maintain a true class action on behalf of all others said to be similarly situated, but rather intended to permit a joinder of such suits by employees "similarly situated" and that any employee or employees might authorize or designate a representative or agent to maintain such actions in their behalf. All employees similarly situated would thus be enabled to join a series of separate law suits into one proceeding, where they would otherwise have been obliged to bring separate suits.

While the unnamed plaintiffs in whose behalf the named plaintiffs purport to act may be "similarly situated" in the sense that they are all employees of the same master, nevertheless it is quite apparent that the claims of a plumber or a window washer or a scrub woman, each being based on a separate contract of employment, might involve differing questions of law and of fact. Each such individual employee, if he feels himself aggrieved, has a right to bring his suit for relief on his own behalf, or he may join with others "similarly situated," or authorize another employee "similarly situated" to represent him in a suit brought on his behalf, or he may intervene in a suit already instituted by an employee "similarly situated." Recovery is by individual judgment in favor of each employee, and binding upon him individually, and he has a right to present to the court all of the facts and circumstances surrounding his contract of employment and any violation of the Fair Labor Standards Act by his employer in his particular case. In the case of Brooks

et al. v. Southern Dairies, Inc., D.C., 38 F.Supp. 588, the court, in passing on a class suit under the Act, said:

"That a class suit can be maintained under the Fair Labor Standards Act, 29 U.S.C. A. § 201 et seq., by an employee as the representative of the same class of employees to which he belongs for the purpose of determining whether or not such employee, and class to which he belongs, and the employer were engaged in interstate commerce or engaged in the production of goods for commerce so as to come within the provisions of said Act or so as to determine whether or not such employee or employees and the employer were within the provisions of said Act.

"However, the Court is of the opinion that no judgment could be entered in favor of any employee against such employer, under the provisions of said Act, for any specific sum of money unless each employee was either (a) a party to the suit, or (b) had expressly designated some one to represent him in said suit, or (c) had intervened in said suit.

"I deem it beyond the power of Congress to force one to become a plaintiff against his will or without his consent, or to select for him an agent or attorney to represent him. I further am of the opinion that an employee has the right to determine whether or not he wishes to sue his employer, as well as to select his own counsel and to furnish his own testimony as to the amount due him in any suit. I further think that an employee not coming into said suit of his own volition would not be bound by the judgment. Certainly the Act in question does not attempt to authorize any one to receive any monies belonging to him or to receipt for same or to satisfy any judgment procured under said Act. I concur in the reasonings of the District Judge of the Northern District of Georgia in the case of Saxton v. W. S. Askew Company [D.C.], 35 F.Supp. 519."

In the case of Shain v. Armour and Company, D.C., 40 F.Supp. 488, 490, decided August 28, 1941, the court said: "The prosecution of such a class action must, however, be in accordance with the constitutional requirement of due process of law. Conditions must be such that the final judgment, either in favor of or against the plaintiff, is res judicata as to all the members of the class. Such is the situation in many instances where the interests of those present and of those who are absent are common and so united as to entitle the former to stand in judgment for the latter and to meet the requirement of due process of law. Such is not the case where different members of a class are free to either assert rights or to challenge them as their individual judgments dictate and the interests of the representatives of the class are not necessarily or even probably the same as those whom they are deemed to represent. The latter situation is the one existing in the present case unless and until other employees similarly situated for whom recovery is sought join with the plaintiff as parties to the action, intervene in the action, or have the record show that the plaintiff has been designated by them as the agent or representative to maintain such action in their behalf (as specifically authorized by the statute). Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741; Brooks v. Southern Dairies, Inc., supra; Saxton v. Askew Co., D.C., N.D.Ga., 35 F.Supp. 519; Id., D.C., 38 F.Supp. 323, 324. Such affirmative action on their part is necessary in order to show knowledge of the litigation in their behalf, their willingness to participate therein and to be so represented, and to bind them by the final judgment. This prevents the necessity of separate actions where the questions of law and facts are the same, which would be necessary in the absence of the statutory provision under consideration, and meets the due process of law requirements for class actions. Such seems to be the real purpose of the statute, regardless of the academic question of whether or not it is a true class suit. In order to carry out that purpose, the motion to strike the words referred to from the complaint as amended is overruled, but the action will proceed on behalf of only those who show that they are similarly situated and indicate their approval of this action in their behalf in one of the ways above set out."

In the case of Townsend et al., v. Boston & Maine R. R., 1 Cir., 35 F.Supp. 938, cited by plaintiff, admittedly only one class of employees was involved—"red caps."

■ I am of the opinion that Section 16(b) of the Fair Labor Standards Act of 1938 does not permit a plaintiff or plaintiffs to maintain a true class action, but that the real purpose of the Statute is to permit all "similarly situated" employees, where they seek additional compensation, or, as here, overtime compensation, alleged to be

due them under the Act, to join their several actions in one proceeding, thus obviating a multiplicity of suits; or to permit them to intervene in an action already initiated by an employee or employees "similarly situated"; or to permit employees to designate an agent or representative to maintain an action in their behalf. I believe the defendant has a right to know by whom it is being sued and for what, in order that it may prepare its defense. It will be necessary, therefore, that the present plaintiffs in this action name the other employees on whose behalf they assume to act; or that the other employees intervene in this suit, or designate an agent or representative to maintain the action for them. To that extent the motion to strike from the complaint all references to or claims on behalf of persons other than the named plaintiffs is allowed, but the action will proceed on behalf of the present named plaintiffs, and all others who show that they are "similarly situated" and indicate that they desire to join with the named plaintiffs as parties to this action, or to intervene, or who designate an agent or representative to maintain such action on their behalf.

Defendant also charges that there is nothing in the complaint to show that plaintiffs are engaged in interstate commerce or in producing goods for commerce, save only the conclusions of the pleader. The complaint alleges that plaintiffs are so engaged, and determination of this question will be reserved until trial on the merits.