**FINK et al. v. OLIVER IRON MINING CO.**
**No. 178.**

District Court, D. Minnesota, Fifth Division.
Nov. 28, 1941.

M. H. Greenberg, of Eveleth, Minn., and Henry Paull, of Duluth, Minn., for Pietero Coldagelli and others.

George Lommen, of Eveleth, Minn., and Lee Pressman, of Washington, D. C., for Frank Jenko and others.

F. J. Rosenmeier, of Virginia, Minn., for plaintiffs.

Clarence J. Hartley, of Duluth, Minn., for defendant.

NORDBYE, District Judge.

This action was brought by Frank Fink, Sr., and DeSilva LePage in behalf of themselves and others similarly situated to obtain recovery under the Fair Labor Standards Act. Apparently, plaintiffs are proceeding under Section 16 of the Act, 29 U.S.C.A. § 216, which recognizes the right of an action "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." It appears that these interveners are employees of the same defendant. Subsequent to the bringing of this action, the interveners instituted separate suits seeking recovery under the Act, and presumably these suits give rise to similar issues. They now seek to intervene in this action, not for the purpose of litigating their rights herein, but for the sole purpose of limiting the relief to the two plaintiffs named in the suit, and ask that the plaintiffs named take nothing by the action for and in behalf of any of the interveners. Or, in other words, these interveners are seeking to deprive the plaintiffs named of any right to represent these interveners in the prosecution of this so-called class suit.

That interveners have mistaken the basic purpose of the rules governing intervention seems apparent. As stated before, they do not propose to litigate their claims in this action. They suggest that they have the right to intervene in order to obtain an order from this Court in effect enjoining plaintiffs from litigating their claims or in any way representing them in the class action which plaintiffs have commenced. However, I am convinced that the rules do not countenance such procedure. The interveners evidently place some reliance on Rule 24(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which states: "Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action. * * *" But intervention presumes that the intervener recognizes the propriety of the action which has been commenced and does not seek to attack the jurisdiction of the Court over the applicants. Here, the interveners do not recognize the propriety of plaintiffs' action, but insist that they have a right to obtain an adjudication to the effect that plaintiffs have no right to represent them in this proceeding. The provision in the rule might be apposite if the interveners sought to question the adequacy of plaintiffs' representation of their interest in the so-called class suit and desired to intervene upon that ground so as to have the benefit of their own counsel in prosecuting their claims in this proceeding against this defendant. However, these interveners do not seek such relief.

This motion does, however, call to the Court's attention the necessity of determining the jurisdiction of this Court over employees similarly situated who do not join with the plaintiffs, either by intervention or designation of the plaintiffs as their agents in the prosecution of this action. That this is not a true class action under Rule 23 of the Federal Rules of Civil Procedure is not seriously controverted. However, plaintiffs assert that the Fair Labor Standards Act recognizes the so-called spurious class action, and that it was the intent of Congress that the first action commenced against any employer in behalf of all other employees similarly situated should constitute the action which should determine the common question of law, and then if plaintiffs prevailed, the Court should proceed with such further proceedings as might be necessary to insure that all employees similarly situated obtain the necessary relief against the employer as the individual factual situations were made to appear. But immediately the pertinent inquiry arises as to the effect

on the rights of employees who did not join in the action if a decision adverse to the plaintiffs is rendered. Certainly, such judgment would not be res adjudicata to an employee who did not intervene or authorize the plaintiffs to act in a representative capacity. Any other view would do violence to the very fundamental understanding of due process. A judgment in a class action is binding upon all members of the class when the owners of the right are so related that one could not enforce the right without the joinder of all. In the instant suit, each employee enjoys a separate contract with his employer. It is apparently recognized that, as to the employes who are said to be similarly situated, there will be differences as to wages actually due, the hours of overtime involved, and as to the number of hours they may have worked. Obviously, a decision in one suit involving an employee's rights under the Act in question could not affect the rights of any other employee. It is elementary, of course, that such action would bind only those actually before the Court. It seems clear, therefore, that all Congress intended under Section 16 of the Fair Labor Standards Act was a permissive joinder in any suit brought by an employee for the benefit of others similarly situated. In no other way could due process be preserved. Moreover, approaching the problem realistically, it is entirely possible that collusive suits might be brought as so-called class actions and proceedings might be instituted without the knowledge of the other employees who are similarly situated, and if such proceedings resulted adversely to the employees through inadequate preparation or carelessness on the part of those in charge of the prosecution of the suit, it must be manifest that Congress never intended that the rights of the employees should be jeopardized in this manner. But under no circumstance should it be assumed that Congress intended to emasculate the very essence of due process. The views herein expressed are in accord with those contained in Saxton v. W. S. Askew Co., D.C., 35 F.Supp. 519; Brooks v. Southern Dairies, Inc., D.C., 38 F.Supp. 588; Shain v. Armour & Co., D.C., 40 F. Supp. 488; Lofther, et al. v. First Nat. Bank of Chicago, D.C., N.D.Ill., 45 F.Supp.

986. In Saxton v. W. S. Askew Co., supra, the court stated, in discussing the interpretation to be given to Section 16 of the Act (35 F.Supp. 519, 520):

"It seems a fair construction of the terms of the Act with reference to the collection of unpaid compensation, that it was not the intention of Congress to broaden any of the procedural and substantive rules of class actions, and it would seem that where under the Act a suit is filed by one or more employees for themselves and others similarly situated, showing violation of the statute, but different and divergent rights to plaintiffs as a result thereof, the action is not a class action in any extent greater than permits any other employee similarly situated to intervene therein, setting up his specific claim.

"In such an instance there can be no intention implied that Congress in the passage of the Act, and by use of language having well defined meaning in equitable proceedings, intended the entire question of liability for unpaid minimum wages, and unpaid overtime compensation, or both, or one, or part of one and part of the other, to constitute a nexus on which may be centered the 'similar' rights of employees having one or the other, or both, of such claims to have their rights adjudged, or maybe precluded, by an action maintained by another, of which they might have no knowledge. Wabash Railroad Company v. Adelbert College of the Western Reserve University, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379, 388.

"The rights of neither employees nor employers could be safely guarded by permitting such procedure, which would offer frequent opportunity for imposition upon either or both."

Therefore, I conclude that the status of plaintiffs action is as follows: If any employee similarly situated desires to intervene and litigate his claim in this proceeding, or if he desires to designate plaintiffs as his representatives for such purpose, such procedure would be in harmony with Section 16 of the Act. However, in absence of such action by any employee similarly situated, plaintiffs' suit would only

bind the actual persons in whose behalf the suit is brought.

For the reasons hereinbefore stated, the motions to intervene should be and are denied.