### SCHEMPF v. ARMOUR & CO.
### Civil Action No. 936.

District Court, D. Minnesota,
Third Division.

March 13, 1946.

George W. Colburn, of Minneapolis, Minn., and John Edmund Burke, of St. Paul, Minn., for plaintiff.

Cleon Headley, Harvey Hoshour, and Samuel H. Morgan, all of St. Paul, Minn., (Paul E. Blanchard, of Chicago, Ill., and Morgan, Chase, Headley & Hoshour, of St. Paul, Minn., of counsel), for defendant.

DONOVAN, District Judge.

Plaintiff, "individually, and as agent, and as representative of all other employees of defendant corporation similarly situated", commenced action against defendant to recover $7,000,000.00, said action being based upon claimed violation of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The complaint alleges that plaintiff, individually, and as agent and representative, was and is a resident of Minnesota. That defendant was and is a corporation organized under the laws of the State of Illinois, and licensed to do business in Minnesota. That plaintiff and other employees named in the complaint and "others similarly

situated" were employed by defendant in the production of commodities "in interstate commerce". That on or about October 11, 1945, plaintiff "was appointed agent and representative for" some 291 persons named in paragraph numbered V of the complaint, "and other employees too numerous to mention herein but whose names will be disclosed at the trial of this case, and other employees similarly situated", who, during the times herein, were engaged in producing said commodities for and "in interstate commerce", and for whom the plaintiff as agent "brings this action for the benefit of each and every person similarly situated as an employee of the above named Defendant corporation, between the date October 22, 1939, and the date" of the commencement of this action.

It is further alleged that plaintiff and all said employees entered into a contract of employment with defendant providing for compensation and rates of pay and hours worked in the employ of defendant, and that all work so performed by plaintiff and said employees was connected with the production and shipment of goods in interstate commerce in furtherance of defendant's business.

Plaintiff and said employees specifically complain that they were employed by defendant "for a workweek longer than the statutory maximum workweek set forth in Section 207(a) of the Act without compensating plaintiff and the other employees herein mentioned for all the hours worked in excess of the statutory maxima allowed under Section 207(a) of the Act at a rate not less than one and one-half (1½) times the regular rate at which plaintiff and the other employees herein mentioned were employed".

The particular work which said employees claim that they performed for defendant without compensation is based upon time spent on defendant's premises during which they were compelled to change clothes, sharpen knives, and otherwise prepare materials necessary to be used by them while working for defendant.

Plaintiff and said employees, in addition to said claimed compensation remaining unpaid, seek liquidated damages in a sum equal to said wages remaining unpaid, together with interest and a reasonable sum as and for plaintiff's attorneys' fees.

By proper proceedings initiated by defendant, the matter was referred to a United States Commissioner for the purpose of discovery to enable the defendant properly to plead, and opportunity to obtain certain information pertaining to plaintiff's authority as agent herein. The transcript of the proceedings before the Commissioner has been certified to and filed with the Clerk of this Court.

The proceedings before the Commissioner were followed by the four motions in behalf of the defendant, which may be summarized as follows:

1. Defendant's motion to make the complaint more definite and certain.

2. Defendant's motion to strike paragraph XX of the complaint as irrelevant and immaterial, or to dismiss the cause of action therein alleged.

3. Defendant's motion for dismissal, or to strike the common law cause of action relating to wages claimed to be due, other than those for work in excess of the hours specified in section 7(a) of the Fair Labor Standards Act.

4. Defendant's motion to dismiss as to all persons not named in the complaint, or to dismiss as to all persons not named in the complaint and who are alleged to be similarly situated with the plaintiff, and who do not intervene within ten days from entry of the Court's order.

■ Defendant has seriously urged that the action should be dismissed on the grounds above stated, and for the further reason that "no employee can possibly have a claim * * * so large as $3,000.-00", and therefore contends that the Court has no jurisdiction. The complaint does not state a cause of action at common law over which this Court has jurisdiction. The phraseology of the complaint will be considered only in connection with plaintiff's rights under the Fair Labor Standards Act.

■ The allegations of the complaint do not present a "true class action." Plaintiff concedes the case at bar to be a "spurious class suit." Lofther et al. v. First National Bank of Chicago, D.C., 45 F. Supp. 986; Saxton v. W. S. Askew Co., D.C., 35 F.Supp. 519; Pentland et al. v. Dravo Corporation, D.C., 4 F.R.D. 350; Fink et al. v. Oliver Iron Mining Company, D.C.Minn., 65 F.Supp. 316.

■ The Fair Labor Standards Act permits plaintiff to commence an action for himself and all other employees similarly

situated. Said Act is a "law regulating commerce", by virtue of which the District Courts of the United States have original jurisdiction. The complaint supplies all that is necessary to bring the present case within the jurisdiction of this Court. United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430; Sonnesyn v. Federal Cartridge Co., D.C., 54 F.Supp. 29; Tolliver v. Cudahy Packing Co., Inc., D.C., 39 F.Supp. 337.

■ The complaint, aided by the hearing before the United States Commissioner, makes clear that a cause of action under the Fair Labor Standards Act is sufficiently set forth so as to permit appropriate answer and preparation for trial by the defendant. If any further clarifying of the issues is necessary, the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c provide ample means for the defendant to pursue in that respect. Smith et al. v. Stark Trucking, Inc., D.C., 53 F. Supp. 826.

■ Defendant's second motion has to do with paragraph XX of the complaint, which reads as follows:

"That at the time the plaintiff and all the other employees herein referred to entered into his and their employment contracts with the defendant corporation, said defendant corporation failed and neglected and refused to comply with the terms of Chapter 250, Laws of Minnesota, 1933; that the defendant corporation violated said Chapter 250 of the Laws of Minnesota, 1933 and failed and neglected and refused to give plaintiff and the other employees herein referred to a written agreement of hire as required by, or in accordance with, said Chapter 250, Laws of Minnesota, 1933".

Defendant asks that the paragraph last quoted be stricken as irrelevant and immaterial, or that the cause of action "attempted to be set forth therein" be dismissed. Denying this motion, the Court does not abdicate the right to rule on the relevancy of the statute at the proper time.

Defendant's failure to comply with the statute referred to invokes nothing more serious than to shift "the burden of proof * * * upon the employer to establish the terms of the verbal agreement in case of a dispute with the employee as to its terms" where no such written agreement is entered into. See Sections 181.13 to 181.17, Minnesota Statutes, 1941.

The Court can see no great harm in permitting paragraph XX to remain in the complaint. It perhaps accomplishes nothing except to serve notice on defendant of the rule of evidence created by the statute. Defendant's brief seems to be directed principally at paragraph XXI of the complaint, which was withdrawn by plaintiff during oral argument.

■ Defendant's third motion to dismiss or strike certain parts of paragraphs XIV, XVI and XVII of the complaint is directed at allegations of a general nature having to do with a claim that defendant failed and refused to compensate plaintiff and the other employees for services performed and hours worked, all of which was contrary to an existing contract of employment between the parties to the action and the Fair Labor Standards Act. Defendant's motion in effect challenges this Court's jurisdiction. The defendant earnestly contends that the Fair Labor Standards Act "does not permit the joinder of causes of action arising under that Act with causes arising under the common law of Minnesota, nor the joinder of causes of action of several claimants each of which arose under the Minnesota law". What defendant urges in this respect appears plausible. The complaint is subject to the criticism directed at it. However, the trend of judicial thought seems to be toward a liberal construction of the pleadings with a view to permitting the parties going into every possible phase of a cause of action such as here presented by the complaint. Justice would not be promoted by being too technical in the preliminary stages of a proceeding such as we are here concerned with. Hence defendant's motion to strike was granted only because of the lack of jurisdiction in this Court over the objectionable common law features.

■ The necessity for eliminating or narrowing issues can be taken care of after the issues are joined. Klages v. Cohen et al., D.C., 5 F.R.D. 32. In the last analysis, the District Court has a "wide discretion in shaping up the limits of the suit", whether the proceeding be looked upon as a statutory method "to liberalize the joinder of parties under Section 16 of the Fair Labor Standards Act, or as a spurious class suit pursuant to the Federal Rules of Civil Procedure, Rule 23(a) (3), * * *.

"Congress intended to liberalize and relax the procedure for bringing suits to en-

force the sanctions of the Act. The procedure was left to the Court's discretion in order that they might control the limits of such suits so that the Courts might intelligently supervise the suits in the interest of justice to the parties under the Act." Jumps et al. v. Leverone et al. 7 Cir., 150 F.2d 876, 877.

We now come to the more serious motion made by defendant. The defendant's fourth motion is in the alternative (a) to dismiss as to all persons not named in the complaint. This motion was denied, and we will discuss the law relative thereto in our consideration of defendant's alternative, i. e., (b) defendant's motion to dismiss as to all persons not named in the complaint and who are alleged to be similarly situated with the plaintiff, and who do not within ten days from the entry of the Court's order herein or within such other period as the Court may fix, intervene in this action so as to become parties of record thereto.

■ The Court denied the motion to dismiss and has partially granted the alternate motion of the defendant as above outlined, requiring all such employees to intervene or appear in some appropriate manner so as to become parties of record to the cause of action described in the complaint herein. Stricken from the complaint were allegations reading as follows: "other employees too numerous to mention herein but whose names will be disclosed at the trial of this case * * *, and others too numerous to mention who have appointed him as agent and whose names will be disclosed at the time of the trial of this case", and the names of all employees for whom the named plaintiff herein did not produce, at the hearing before the United States Commissioner, evidence of authority to appear for and represent them in this proceeding.

■ To dismiss the action would be too arbitrary, narrow and exacting, for, as the Court interprets the Fair Labor Standards Act, every opportunity possible should be given employees to come into Court and make their complaints known. See: Culver et al. v. Bell & Loffland, Inc., 9 Cir., 146 F.2d 29; Shain v. Armour & Co., D.C., 40 F.Supp. 488; McNorrill v. Gibbs, D.C., 45 F.Supp. 363; Smith v. Stark Trucking, Inc., supra.

Some orderly procedure must be adopted in the present case so that all parties and "employees similarly situated" as the named plaintiff are properly before the Court for the purpose of adjudicating all issues raised by the pleadings. The order herein was made with a thought to "shaping up the limits of the suit".

The present case has been pending for several months. A preliminary hearing was had before the said Commissioner at the instance of defendant. The complaint makes clear that the action was commenced to recover overtime wages, liquidated damages and attorneys' fees. Defendant appears to have all the information necessary to answer. The defendant should, however, be confronted with plaintiff's written authority to act as agent, and the names and identity of all employees who propose to become parties to the proceeding. A limit of twenty days to comply with the Court's order requiring intervention or the filing of appearances as directed seems entirely adequate under the circumstances.

In accordance with the views expressed, all unnamed employees will be allowed twenty (20) days from the filing date hereof to intervene or have the record show that plaintiff has been designated by them as their agent or representative, to maintain this action in their behalf.