PARENTEAU v. SWIFT & CO.
Civil Action No. 937.

District Court, D. Minnesota, Third Division.
March 20, 1946.

George W. Colburn, of Minneapolis, Minn., and John Edmund Burke, of St. Paul, Minn., for plaintiff.

Cummins & Cummins, of St. Paul, Minn., and Grannis & Grannis, of South St. Paul, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff commenced this action under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., to recover $9,000,000 for himself and employees similarly situated. It is a companion case to the suit entitled Schempf, Plaintiff, v. Armour & Company, Defendant, D.C., 5 F.R.D. 294.

The complaints in the two cases are identical except as to the parties, employees named and amount of recovery sought.

Preliminary proceedings initiated by defendant were had before United States Commissioner William T. Goddard for the purpose of discovery and production by plaintiff of written authority to act as agent for the employees named in paragraph V of the complaint.

The motions here made by defendant were as follows:

I. (A) To dismiss the above entitled action as to all persons referred to in plaintiff's complaint as "other employees too numerous to mention but whose names will be disclosed at the trial of this case" as set forth in paragraph V of plaintiff's complaint;

(B) To dismiss said action against defendant as to all persons designated and referred to in the complaint as "other employees similarly situated" in paragraphs V, VI and XI of plaintiff's complaint;

(C) To dismiss said action as to all persons whose names are set forth in paragraph V of plaintiff's complaint, except the following: George A. Forscon, Frank L. Watson, Charles Brisbin, George Schoocle, E. R. Honing, Fay Springer, Thomas Wallrich, Harry Hemming, Ken Scheppat, Robert Moeschter and Ambrose Synaniet;

II. To strike from the complaint paragraph XX on the grounds and for the reasons that the allegations therein contained are irrelevant and immaterial to any cause of action alleged in plaintiff's complaint, and that the allegations in said paragraph do not state facts sufficient to constitute a cause of action.

At the hearing before the United States Commissioner, plaintiff was unable to produce written authority for a large majority of the employees named in the body of the complaint. Plaintiff testified the authorizations for such employees were misplaced or lost. Plaintiff has had since November 23, 1945, the date of the hearing before the Commissioner to find such written authority or obtain new ones for use herein, as provided by the Court's order.

In accordance with the views expressed by the Court in the Schempf case, all unnamed employees, and those whose names were ordered stricken from the complaint, will be allowed twenty (20) days from the filing date hereof to intervene or have the record show that plaintiff has been designated by them as their agent or representative, to maintain this action in their behalf.