**TITTLE et al. v. GENERAL MOTORS CORPORATION.**

Civ. No. 1979.

United States District Court
D. Connecticut.
Jan. 20, 1948.

334

Nathan Aaron, of Hartford, Conn., and Grant & Angoff, Sidney S. Grant and Harold B. Roitman, all of Boston, Mass., for plaintiffs.

Cummings & Lockwood and Raymond E. Hackett, all of Stamford, Conn., for defendant.

HINCKS, District Judge.

This action was originally brought under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., by a number of the defendant's employees. After the enactment of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., it was ordered that the defendant's motion to dismiss be granted unless the plaintiffs within twenty days should by amendment of the complaint show jurisdiction in the court. Local 626, International Union United Automobile, Aircraft and Agricultural Implement Workers of America v. General Motors Corp., D.C., 76 F.Supp. 593. Within the time limited the plaintiffs filed an amendment wherein they predicated jurisdiction upon diversity of citizenship and made claim for an alleged breach of contract. The defendant then brought this pending motion for judgment.

It contends that the breadth of the amendment was excessive in view of the earlier order of court; that the amended complaint failed to show a controversy appropriate for prosecution by a class action; and that in any event the absence of allegations in the complaint as amended to show that the claim of any one plaintiff exceeded $3,000 was a fatal jurisdictional defect.

■ I agree with the defendant that the amended complaint does not state a valid class action. Rule 23(a)(3), Federal Rules of Civil Procedure, 28 U.S.C.A., which the plaintiffs particularly invoke, provides for a "spurious" class action when there is "a common question of law or fact affecting the several rights and a common relief is sought." Under the amended complaint no common questions within the meaning of the rule are alleged with sufficient clarity to be discernible. Nor is common relief sought. Indeed, many of the cases under the Fair Labor Standards Act show that rights and liabilities such as those involved in the complaint as amended are not such as may be litigated as a matter of right in class actions. Skidmore v. John J. Casale, Inc., 2 Cir., 160 F.2d 527; Walling v. Jacksonville Paper Co., 317 U.S. 564, 571, 63 S.Ct. 332, 87 L.Ed. 460; Kirschbaum v. Walling, 316 U.S. 517, 524, 62 S.Ct. 1116, 86 L.Ed. 1638; Fowkes et al. v. Dravo Corp., D.C., 62 F.Supp. 361; Wright v. United States Rubber Co., D.C., 69 F.Supp. 621; Lofther et al. v. First National Bank of Chicago, D.C., 45 F.Supp. 986; Fink v. Oliver Iron Mining Co., D.C., 65 F.Supp. 316; Moore's Federal Practice, Vol. 2, 1947 Supp., p. 87, n.

■ Even if the amended complaint could be held, as plaintiffs contend, properly to state a spurious class action, its jurisdictional allegations are fatally defective. It is only a true class action under Rule 23(a)(1) for claims of a truly representative character in which the jurisdictional requirement of a controversy exceeding $3,000 in amount may be satisfied by aggregating the individual claims: no such aggregation is permissible in the spurious class action. Moore's Federal Practice, Vol. 2, p. 2301; Thomson v. Gaskill, 315 U.S. 442, 447, 62 S.Ct. 673, 86 L.Ed. 951; Pinel v.

Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Ayer v. Kemper, 2 Cir., 48 F.2d 11, 14. Even the cases cited by the plaintiffs do not run counter to this conclusion.

Since even the complaint as amended is for the reasons stated above inadequate, it is unnecessary to decide whether in view of the earlier order of court the breadth of the amendment is objectionable, as the defendant has urged. Accordingly,

It is ordered that the defendant's motion for judgment be granted and that the Clerk enter forthwith a judgment in favor of the defendant with costs.