CAGUAS LUMBER YARD, INC., ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, CAGUAS PART, J. C. SANTIAGO MATOS, JUDGE, Respondent; JUAN CARRASQUILLO ECHEVARRÍA ET AL., Interveners.

No. O-68-100.    Decided January 28, 1969.

828

*Rodríguez Ema & Rodríguez Ramón, Rodolfo Sequeira,* and *Nicolás Jiménez* for petitioners. *Marcelino Delgado Medina* for interveners.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Four workers named Juan Carrasquillo Echevarría, Evaristo Rodríguez Almeda, Manuel Flores, and Rodolfo Pérez Castro, filed a complaint in the Superior Court, Caguas Part against Caguas Lumber Yard, Inc., Ferretería Massó, Inc., Gildo Massó González, Inc., and/or Massó Sand and Gravel Inc., to recover wages for overtime, accrued vacation leave, and work performed during lunch period.

After the complaint was answered, two other workers named Antero Claudio Delgado and José Estrada Morrillo, requested to be joined in the action as plaintiffs.

After several procedural incidents, such as taking the depositions of some of the plaintiffs, notice, and reciprocal answer to interrogatories, setting of hearing and continuance of the hearing on the merits, on December 4, 1967, the plaintiffs filed a motion for joinder of parties, invoking Rule 20.1 of the Rules of Civil Procedure and § 13 of Act No. 379 of May 15, 1948, in which "they request to be allowed to proceed upon this claim in representation and in behalf of all the other employees who are rendering or have rendered services during the last 10 years for defendant and/or Fá-

brica de Bloques Massó Inc., and Productora Industrial Inc., who are in the same position of fact and of law as plaintiffs."

The defendants objected and after a hearing on said motion, the court entered the following

"ORDER

"After hearing the parties with respect to the objection to the joinder of parties the court believes that in order that the defendant may defend itself adequately in the action, it should know, at least, the names of the persons who are filing a claim against it. However, they may be determined from defendants' payrolls and records. In view of the foregoing, the court orders the defendants to allow the plaintiffs to inspect their payrolls and records in order to determine and inform defendants which workers are in the same or analogous situation of fact and of law as the other plaintiffs so that defendants be informed of the claims of these other workers, without the need of amending the original complaint, for the purposes of including said additional workers."

We issued writ of certiorari to review this order.

The above-copied order is erroneous and should be set aside.

Rule 20.1 of the Rules of Civil Procedure deals with the actions which affect a class. Insofar as pertinent it provides:

"20.1 Representation

"If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is:

"(a) Joint or secondary, in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(b) Several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(c) Several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

■ This Rule 20.1 comes from Federal Rule 23(a) which has been interpreted in numerous judicial opinions and has been the object of elaborate studies by commentators. Under letters (a), (b), and (c) three types of class actions are created. The classification is dependent upon the jural relationship which may exist among the members of the same class. Moreover, the effects of the judgments as well as the jurisdictional requisites vary with the type of class action. For convenience, then, the action under letter (a) is designated as "the true class action or suit," that included under letter (b) is called "hybrid" and that of letter (c) "spurious". (3A Moore, Federal Practice 3434, § 23.08.)

Clearly the suit brought by plaintiffs herein does not fall under paragraphs (a) and (b) of Rule 20.1 because the nature of the right claimed by them is neither joint nor secondary, nor is the object of the action the adjudication of claims which affect or may affect a property involved in the action. We shall, therefore, attend to the action under paragraph (c) which as we have said before, has been classified as a spurious class suit.

■ In this type of suit the right sought to be enforced for or against the class is several, and there is a common question of law or fact affecting the several rights and a common relief is sought. There is no jural relationship between the members of the class. Their rights and liabilities are distinct and the class is formed solely by the presence of a common question of law or fact. The jurisprudential doctrine as well as the commentators of the federal rule contend that when a suit is brought by or against such a class, it is merely an invitation to joinder, an invitation which may or may not be accepted. Those who do not appear as original plaintiffs are not bound to join the action. As Moore says, it is a permissive joinder device. The judgment rendered in this type of action is not binding upon the entire class; it

binds only those actually before the court.[1] The raison d'être of the federal rule is that it allows other persons similarly situated to intervene in the action without regard to jurisdictional restrictions as to amount of the claim in the controversy and diversity of citizenship. In Puerto Rico, as well as in some states, the federal rule has been adopted despite the fact that presumably on rare occasions shall the jurisdictional question arise. (3A Moore, *op. cit.*, 3444 and 3417.) Our Rule 17.1 of the Rules of Civil Procedure permits the joinder of parties[2] when a question of law or fact common to all the parties arises, but unlike Rule 20.1 (c) the joinder of any number of persons is permissible as plaintiffs or defendants, if they assert or if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences. Rule 20.1 (c) makes this requirement unnecessary. Among others, one of the advantages which the device of permissive intervention under Rule 20.1 (c) offers is that in only one action the litigious situation affecting many persons may be disposed of, rendering in turn, the litigation less expensive.

The class action or suit provided in Federal Rule 23 (a) (3) has proved useful in many cases and has been used by em-

---

[1] 3A Moore, Federal Practice 3465, § 23.11(3); *Smith* v. *Stark Trucking,* 53 F.Supp. 826; *Saxton* v. *W. S. Askew Co.,* 35 F.Supp. 519; *Shipley* v. *Pittsburgh & L.E.R. Co.,* 70 F.Supp. 870.

[2] Rule 17.1 provides:
"17.1 Permissive joinder

"Any number of persons may be joined in one action as plaintiffs or defendants if they assert or if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities." (Rules of Civil Procedure, 32 L.P.R.A., 1967 Supp. p. 149.)

ployees to claim unpaid wages. The Fair Labor Standards Act, prior to its amendment by the Portal-to-Portal Act of 1947, contained a provision to the effect that an action to recover wages or compensation could be maintained in any court of competent jurisdiction by one or more employees for and in behalf of himself or themselves and other employees similarly situated. Moreover it created the action by agent or representative.[3]

Act No. 379 of May 15, 1948, approved by our Legislature, contains a similar provision. In its § 13, after acknowledging the right of every employee to recover from his employer, through civil action the unpaid sums for the compensation fixed by said Act for regular and extra hours of work, it provides: "The judicial claim may be filed by one or several employees, in his or their names, and that of other employees who are in similar circumstances; *Provided*, That after the claim has been judicially instituted, it may be settled by compromise between the parties with the intervention of the Commissioner of Labor and the approval of the court."

█ This provision and Rule 20.1 (c) of the Rules of Civil Procedure are reconcilable. Act No. 379 consecrates definitively the right of one or more employees to file the judicial action in his or their names, and that of other employees who are similarly situated, regardless of the numerical factor necessary to constitute the class, as required by Rule 20.1. Another difference between both statutes consists in that in order to dismiss or settle by compromise the action, Act

---

[3] The provision, insofar as pertinent said:

"Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

No. 379 requires, in addition to the approval of the court,[4] the intervention of the Commissioner of Labor. In these two aspects Act No. 379 prevails. Also, Act No. 379 does not require the adequate representation of all employees similarly situated with the employees of record. This, however is not important since under Rule 20.1(c) adequate representation is not necessary inasmuch as the judgment to be rendered affects only the members of the class who were joined as parties. *York* v. *Guaranty Trust B.*, 143 F.2d 503; *Openheimer* v. *F. J. Young & Co., Inc.*, 144 F.2d 387; 3A Moore, *op. cit.*, § 23.07.

■■ In the interpretation of the provision of the Fair Labor Standards Act to which we have already referred and which is similar to § 13 of Act No. 379, the weight of the authorities maintains that the class action created by said provision is of the same nature as that created by the Federal Rule 23(a) of Civil Procedure. *Pentland* v. *Dravo Corp.*, 152 F.2d 851; *Lofther* v. *First Nat. Bank of Chicago*, 45 F.Supp. 986; *Brooks* v. *Southern Dairies, Inc.*, 38 F.Supp. 588; *Wright* v. *U.S. Rubber Co.*, 69 F.Supp. 621; *Loker* v. *Allied Building Credits, Inc.*, 7 F.R.D. 358; *Abram* v. *San Joaquin Cotton Oil Co.*, 46 F.Supp. 969; *Clark* v. *E. C. Schroeder Co., Inc.*, 10 Fed. Rules Serv. 23a.43, Case 1; *Adams* v. *Bell Aircraft Corp.*, 7 F.R.D. 48. We reach a similar conclusion with respect to § 13 of Act No. 379. Therefore, the legal effect of the action filed in this case by four employees for and in behalf of themselves and the other employees similarly situated is limited to the fact that these other employees join in the action, if they so desire.

---

[4] Pursuant to Rule 20.2 of the Rules of Civil Procedure a class action shall not be dismissed or settled by compromise without the approval of the court and if the right sought to be enforced is one defined in paragraphs (*b*) and (*c*) of Rule 20.1, it is discretionary with the court to require that notice of the request for dismissal or compromise be given to all members of the class.

834

This being so, the order entered by the Superior Court, Caguas Part, as we said at the beginning, is erroneous.

■ The order for the plaintiffs to inspect defendant's payrolls and records in order to determine and inform the latter the names of the other employees similarly situated does not make these employees plaintiffs, and consequently the judgment to be rendered for or against them is not binding upon them. Therefore said order lacks legal validity and the juridical consequences sought by plaintiffs.

In view of the foregoing, the order entered on March 25, 1968 by the Superior Court, Caguas Part, will be set aside, and the case remanded for further proceedings.