**FOWKES et al. v. DRAVO CORPORATION.**

**No. 4415.**

District Court, E. D. Pennsylvania.

Aug. 13, 1945.

Francis W. Sullivan, of Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, Dist. Atty., of Philadelphia, Pa., and Charles R. Sheidy, Jr., Asst. U.S.Atty., of Reading, Pa., for defendant.

GANEY, District Judge.

This is an action by nine plaintiffs formerly or now employed by Dravo Corporation to recover overtime compensation allegedly due them under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The plaintiffs sue individually and as representatives and on behalf of other persons now or formerly employed by the defendant, claiming that themselves and persons they represent are all members of a particular class of defendant's employees. It is averred that there are one hundred fifty members of the class,

who are described in the complaint as "all salaried employees of the defendant corporation working at its said plant at Wilmington, Delaware, during the period beginning December 1, 1942 and ending at the date of this action, who come under the provisions of the aforesaid Fair Labor Standards Act, and who have not been paid overtime at the rate of time and one-half, the regular rate of pay in accordance with the aforesaid Fair Labor Standards Act".

Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), provides in part as follows: "Any employer who violates the provisions * * * section 207 * * * shall be liable to the employee or employees affected in the amount of * * * their unpaid overtime compensation * * * and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained * * * by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. * * * "

 Defendant filed a motion to compel the designation of parties plaintiff, to produce evidence of representation, and to dismiss the complaint as to all unnamed parties plaintiff. It is the contention of the plaintiffs that the action contemplated under Section 16(b) of the Fair Labor Standards Act is a class action without regard to Rule 23 of the Rules of Civil Procedure, 28 U.S.C.A., following section 723c, in that it was the intention of Congress that an action commenced against an employer on behalf of other employees "similarly situate" should constitute the action which should determine the common question of law and fact. However, it is apparent here that the causes of action represented by each of the plaintiffs here named do not present a common question of law and fact, which would be controlling with respect to other members of the class. As has been pointed out, there are vital questions pertinent to each claimant such as whether or not he or she was employed on a "fluctuating work week", in which event he or she could only recover one-half time, and it thus can be seen that the working schedule of each plaintiff would be an essential factor. In addition the question of whether the plaintiffs were exempt or nonexempt from the provisions of the Act, depending on the character of each of their particular occupations, would likewise be a very vital issue. Different types of proof of necessity must be made. For example, a plaintiff might be exempt as an "executive employee", for which proof might be offered to show that his primary duty consisted of the management of a department, or that he directed the work of other employees, or that he had certain other responsibilities with respect to the hiring and discharge of employees, as well as various other defenses which might be interposed. It can thus be seen that the question here posed does not concern a true class action, but that it involves individual employees, whose rights, duties and responsibilities must be separately adjudicated. It would seem to be therefore apparent that Congress in the adoption of Section 16(b) here was not broadening any of the procedure and substantive rules of class action, but merely giving an opportunity to other individuals similarly situate to join in an action already brought in order to avoid multiplicity of suits. Saxton v. W. S. Askew Co., D.C., 35 F.Supp. 519; Lofther et al. v. First National Bank of Chicago, D.C., 45 F.Supp. 986; Shain v. Armour & Co., D.C., 40 F.Supp. 488; Gordon v. Paducah Ice Mfg. Co., D.C., 41 F.Supp. 980; Archer v. Cornillaud, D.C., 41 F.Supp. 435; Calabrese et al. v. Chiumento et al., D.C., 3 F.R.D. 435; Smith et al. v. Stark Trucking, Inc., D.C., 53 F.Supp. 826; Abram et al. v. San Joaquin Cotton Oil Co., D.C., 46 F.Supp. 969.

Accordingly, ten days is granted from the date of this opinion within which any additional parties plaintiff may enter their appearance, and at the expiration of such time, the complaint is dismissed as to all unnamed parties plaintiff.