514

FOWKES et al. v. DRAVO CORPORATION.
No. 4415.

District Court, E. D. Pennsylvania.
Feb. 21, 1946.

For former opinion, see 62 F.Supp. 361. See also 7 F.R.D. 291.

Francis W. Sullivan, of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Dist. Atty., of Philadelphia, Pa., and Charles R. Sheidy, Jr. Asst. U. S. Dist. Atty., of Reading, Pa., for defendant.

GANEY, District Judge.

In an opinion dated August 13, 1945, 62 F.Supp. 361, this court denied defendant's motion to compel the designation of parties-plaintiff, to produce evidence of representation and to dismiss the complaint as to all unnamed parties-plaintiff, giving however to the plaintiff ten days within which additional parties-plaintiff could enter their appearances and at the expiration of such time the complaint was to be dismissed as to all unnamed parties-plaintiff.

In a similar case, Pentland et al. v. Dravo Corporation, 3 Cir., 1945, 152 F.2d 851, the Circuit Court of Appeals for this Circuit, while sustaining the position which this court took in the instant case, reversed the trial judge for granting judgment on the pleadings, holding that it did not wish to preclude other persons who wished to join from coming in later. In the instant case, this court permitted ten days within which additional parties-plaintiff could enter their appearance at the expiration of which the complaint was to be dismissed as to all unnamed parties-plaintiff.

Thereafter, an additional hearing was held and argument had and briefs submitted and upon a more thorough consideration with respect thereto, this court is persuaded that the ten day period given for additional parties-plaintiff to join the suit is not well taken.

It is submitted that the greatest justice is best accomplished in cases such as this to allow the fullest period of time for those employees who desire to have the benefit of the court's decree to come into the proceedings.

Accordingly, the opinion of this court, dated August 13, 1945 is amended so that the case shall remain open for all parties and intervenors until time of final judgment when the court shall determine whether the judgment shall be binding only on those who have joined or whether to allow others similarly situate to be brought in by appropriate supplementary proceedings.