## McNICHOLS et al. v. LENNOX FURNACE CO.
Civ. No. 2801.

District Court, N. D. New York.
March 17, 1947.

the defendant, and other unnamed employees similarly situated. The action is based upon the provisions of the Fair Labor Standards Act, and seeks the relief afforded by the provisions of Section 16 (b) thereof, 29 U.S.C.A. § 216 (b). Jurisdiction of this Court is based upon the section above referred to and upon the provisions of 28 U.S.C.A. § 41 (8).

Defendant moves to dismiss the action, and the motion is based principally upon the contention that Section 16 (b), above referred to, became effective on June 25, 1938; that same is of no force and effect in the federal courts, in so far as its provisions conflict with Rules 17 (a) and 23 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which became effective September 16, 1938. This contention is understood to mean that that part of Section 16 (b) which provides for the maintenance of a representative action is in conflict with Rules 17 and 23, and has been repealed thereby since the Rules have the effect of law, and their procedural enactments operate to repeal all laws in conflict therewith. Act of June 19, 1934, 48 Stat. 1064, 28 U.S.C.A. § 723b. Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479.

No judicial precedent is cited upholding defendant's contention. Neither counsel or the court have found among the many reported similar cases considered by the courts an instance wherein the question was raised, discussed or decided. Many such cases have passed the scrutiny of trial and appellate federal courts, and numerous judgments have been granted and sustained therein. The novelty of the contention has no weight in determining its merits, but it must be appreciated that to sustain it would in effect determine that Congress had failed to afford the remedy in the United States Courts, which it so plainly indicated it intended to afford in Section 16 (b), and which has been recognized and acted upon many times since 1938.

The argument and briefs are complicated by the discussion of the procedural and substantive nature of the enactment and the type of action created therein. In view of the decision it is enough to recognize that the Rules relate to and affect process, practice and procedure, and that they do

Sidney H. Greenberg, of Syracuse, N. Y., and David Diamond, of Buffalo, N. Y. Prudential Building (Henry S. Levine, of Syracuse, N. Y., of counsel), for plaintiffs.

Fraser Brothers, of Syracuse, N. Y. (Henry S. Fraser, of Syracuse, N. Y., of counsel), for defendant.

BRENNAN, District Judge.

Plaintiffs bring this action as the agents and representatives of named employees of

not either abridge, enlarge, nor modify the substantive law. 28 U.S.C.A. § 723b. The distinction between substantive law and procedure is at times obscure, but it may be said generally that the creation of a right of action is substantive, while the means or method of enforcement of the right is procedural. Neither is it necessary to attempt to define the distinctions between true class actions and those otherwise denominated. For the purpose of this motion this action is considered as a statutory representative action having its basis in the section under discussion.

Whatever other infirmity may exist in defendant's contention it is apparent that Rules 17 (a) and 23 (a) do not in fact conflict with Section 16 (b), and the contention must be rejected.

Rule 17 (a) provides that an action shall be prosecuted by the real party in interest, and it contemplates that a party "authorized by statute" may maintain an action. Here, an agent designated by an employee is authorized by the section to maintain this action. Such an agent is the real party in interest. Mid-Continent Pipe Line Co. v. Hargrave, 10 Cir., 129 F.2d 655, may be applied here. See also La Guardia v. Austin-Bliss General Tire Co., D.C., 41 F.Supp. 678.

Defendant's argument as to the conflict between Rule 23 and Section 16 (b) is difficult to follow. It is first urged that the action is not a true class action, which may be maintained under the Rule. The Court is not in disagreement with such a conclusion. It is next argued that the action is in fact a class action, and to have vitality it must be brought within the Rule. The fallacy in the argument seems to be that defendant assumes that (a) all class actions must be in fact "true" or "genuine", and the "spurious" class is not recognized; (b) that all representative actions must be class actions.

It is unnecessary to enter the debate as to whether or not this action is a "spurious" class action, or whether the section merely gave the opportunity to other individuals similarly situated to join in an action already instituted in order to avoid a multiplicity of suits. If the answer is that the action is a spurious class action, then same is authorized by Rule 23. Moore's Federal Practice, Vol. 2, Page 2241, etc.; Pentland v. Dravo Corp., 3 Cir., 152 F.2d 851, and cases cited. If the permissive joinder is the answer, it may amount to the same designation; i. e., spurious class action (Pentland v. Dravo Corp., supra); or, if it is to be distinguished therefrom (Lofther v. First Nat. Bank of Chicago, D.C., 45 F. Supp. 986; Fowkes v. Dravo Corp., D.C., 62 F.Supp. 361; Fink v. Oliver Mining Co., D.C., 65 F.Supp. 316, and cases cited), then the statutory provision for such joinder does not conflict with the Rule.

Defendant next contends that the action should be dismissed because there is no allegation in the complaint that the employees in whose behalf the action is maintained are "similarly situated". Paragraph 1 of the complaint contains the following allegation or statement: "Plaintiffs bring this action as the agents and representatives of certain employees of the defendant, and for and in behalf of all employees of defendant similarly situated". The complaint recites in some detail the nature of the work performed at the defendant's place of business by the employees, and specific recurring instances where it is claimed that employees are required to perform services for which they have not been compensated. The words "similarly situated" may not be construed as "identically situated".

The allegations of the complaint are sufficient to authorize the maintenance of this action. Dioguardi v. Durning, 2 Cir., 139 F.2d 774; Calabrese v. Chiumento, D.C., 3 F.R.D. 435.

Upon the argument of this motion and in the briefs submitted defendant urges as a ground for dismissal that the statute, Section 16 (b), does not provide for the appointment of more than one agent or representative, and, therefore, this action may not be maintained.

The plaintiffs claim that such ground for the relief is not stated in the notice of motion with the particularity required by Rule 7 (b) (1), Federal Rules of Civil Procedure.

It is correct that only the questions as to the real party in interest under Rule 17 (a), and the nature of the action under

Rule 23 (a) are particularly raised. The Court is prompted to hold with the defendant on this phase of the motion, inasmuch as the question does not seem to have been passed on by any appellate court, and it would be unfortunate if conflicting decisions involving the same question should be made. The merits are not involved, and the defect, if one exists, can be cured by amendment.

It may be pointed out to the parties that the written authorization attached to the complaint seems by its language to indicate that the appointment of a single agent was contemplated.

The motion is in all respects denied, with permission, however, to renew said motion so as to raise the question of the authority of an employee to appoint more than one agent or representative under the provisions of the Act.