**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Plaintiff,**

v.

**Arthur BATES, Administrator of the Estate of Arthur Brown Bates, Deceased, et al., Defendants.**

**No. PB 75–C–31.**

United States District Court, E. D. Arkansas, Pine Bluff Division.

June 25, 1975.

Winslow Drummond, of Wright, Lindsey & Jennings, Little Rock, Ark., for plaintiff.

W. H. Dillahunty, U. S. Atty., Richard Pence, Asst. U. S. Atty., Little Rock, Ark., for defendant United States.

## MEMORANDUM OPINION AND ORDER

OREN HARRIS, District Judge.

This is an interpleader proceeding brought pursuant to 28 U.S.C. § 1335. This Court has jurisdiction by reason of the naming of the United States of America as a party defendant, pursuant to 28 U.S.C. §§ 1346 and 2410(a)(5).

This action arises out of an automobile accident wherein Robert Poore, a retired serviceman, drove his automobile in a negligent manner. As a result of his negligence, the accident and resulting injuries occurred. Poore's liability insurance carrier, Government Employees Insurance Company, paid into the registry of the Court the sum of $95,863.93 which, together with advances paid to certain of the injured, was the limit of its liability under the policy. Pursuant to stipulation of all parties, all of the funds in the registry have been paid out to the respective parties under prior Order of this Court, with the exception of the sum of $3,481.90. This sum is claimed by the United States.

The claim of the United States is based upon the Medical Care Recovery Act, 42 U.S.C. §§ 2651–2653. It is established that the United States provided medical services and care for Mrs. Edna Poore as a dependent of a retired serviceman under the "CHAMPUS" program and paid out the amount claimed for this care and service for treatment of the injuries Mrs. Poore sustained in the accident involved herein.

Mrs. Poore was a guest-passenger in the automobile being driven by her husband. The law of Arkansas is applicable, and under the provisions of Ark.Stats.Ann. §§ 75–913, 75–915, Mrs. Poore would not have a cause of action against her husband as operator of the vehicle in which she was injured as a guest-passenger. However, in construing the Medical Care Recovery Act, the Courts have uniformly held that the United States is not merely subrogated to the injured party's claim, but has an independent cause of action under the Act, not subject to the vagaries and inconsistencies of the laws of the various states.

A full exposition of the construction of the Act is set forth in *United States v. Moore*, 469 F.2d 788 (3rd Cir., 1972), cert. den. 411 U.S. 905, 93 S.Ct. 1528, 36 L.Ed.2d 195. In that case, it was held that the Maine "interspousal immunity" statute did not bar the United States from a recovery against the negligent spouse. In accordance with the reasoning expressed therein, this Court concludes that the provisions of the Arkansas "guest statute" are not a bar to recovery of the medical expenses herein by the United States.

On the basis of the foregoing findings of fact and conclusions of law, incorporated herein pursuant to Rule 52, Federal Rules of Civil Procedure, the Court finds that the United States of America is entitled to receive the sum of $3,481.90 from the registry of this Court in this cause.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Clerk of this Court be, and he is hereby, directed to pay to the United States of America the sum of $3,381.90 from the funds deposited in the registry of this Court in this cause.