**Jeffrey W. HOHMAN**

v.

**The UNITED STATES of America and Prudential Property and Casualty Insurance Company.**

**Civ. A. No. 78–1598.**

United States District Court, E. D. Pennsylvania.

May 31, 1979.

**770**

Soren P. West, Lancaster, Pa., for plaintiff.

Peter F. Vaira, U. S. Attorney, Philadelphia, Pa., for U. S.

Paul A. Bechtel, Jr., Marshall, Dennehey & Warner, Philadelphia, Pa., for Prudential.

## MEMORANDUM

TROUTMAN, District Judge.

Plaintiff, while on active duty with the United States Air Force, suffered serious injuries in an automobile accident, for which he received extensive medical care and services at an Air Force hospital, the value of which totaled $37,442.64. Plaintiff, although never charged for this service, seeks to recover its value from his No-Fault Motor Vehicle Insurance Carrier, the Prudential Property and Casualty Insurance Company (Prudential), and seeks a judgment against the Government declaring that it is not entitled to recover this value from Prudential under the Medical Care Recovery Act (MCRA), 42 U.S.C. §§ 2651, *et seq.* The Government has filed a counterclaim, seeking a judgment declaring that it is entitled to recover the value of the services, and has filed a cross-claim against Prudential, along with a motion for summary judgment, seeking such recovery. Prudential has also filed a motion for summary judgment. All motions concern two issues, the right of plaintiff to recover the value of the services under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. §§ 1009.101, *et seq.,* (the No-Fault Act) and the right of the Government to recover from Prudential under the MCRA.

■ Concerning the first issue, the No-Fault Act provides in part:

"§ 1009.206 Net Loss

(a) General.—Except as provided in section 108(a)(3) of this act, all benefits or advantages (less reasonably incurred collection costs) that an individual receives or is entitled to receive from social security (except those benefits provided under Title XIX of the Social Security Act and except those medicare benefits to which a person's entitlement depends upon use of his so-called 'life-time reserve' of benefit days) workmen's compensation, any State-required temporary, nonoccupation-

al disability insurance, *and all other benefits* (except the proceeds of life insurance) *received by or available to an individual because of the injury from any government,* unless the law authorizing or providing for such benefits or advantages makes them excess or secondary to the benefits in accordance with this act, shall be subtracted from loss in calculating net loss." (Emphasis added, footnotes omitted.)

We find this language controlling. It clearly establishes that the benefits received by plaintiff should be deducted from his loss to determine net loss. Therefore, while plaintiff incurred medical expenses totaling $37,-442.64, he received these services at no cost, such receipt clearly being a benefit from a government. When such a benefit is deducted from his loss, he winds up with a net loss of nothing, and is entitled to no recovery from Prudential. Plaintiff has supplied us with no authority holding that the furnishing of medical services by the Government to a serviceman is not a benefit from a government for purposes of the No-Fault Act, and a statutory phrase must be construed according to its common and approved usage. See 1 Pa.C.S.A. § 1903(a). Therefore, we conclude that plaintiff is not entitled to any recovery from Prudential.

█ Concerning the second issue, the MCRA provides in pertinent part:

"§ 2651. Recovery by United States—Conditions; exceptions; persons liable; amount of recovery; subrogation; assignment

(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, *under circumstances creating a tort liability upon some third person * * * to pay damages therefor,* the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subro-

gated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. * * * " (Emphasis added)

It is clear from this section that the Government can recover the value of treatment furnished to a serviceman *only* under circumstances in which a third person would be liable in tort. However, in Pennsylvania the No-Fault Act has abolished all tort liability for the types of injuries for which plaintiff was treated at the Government's expense. Thus, we conclude that the Government cannot recover the cost of these benefits because they were not furnished under circumstances creating a tort liability in any person.

We are aware of authority to the contrary. In *United Services Association v. Holland,* 283 So.2d 381 (Fla.App.1973) the Court reasoned that "The right to reimbursement so vested in the United States may not be extinguished merely because the no-fault insurance law immunizes tortfeasors from liability for claims falling within the limitations of the statute and substitutes the insurer for the tortfeasor as the one from whom recovery must be sought." Such reasoning misses the point of the MCRA. By using the language "under circumstances creating a tort liability" Congress, of its own free will, chose to impose upon the Government's right of reimbursement a contingency, that contingency being that a third person must be *liable in tort* for the Government to be entitled to reimbursement. By imposing that contingency, Congress rendered the Government's right to reimbursement subject to the tort law of the several states, and the changes therein. It logically follows that the right to reimbursement was therefore subject to possible abolitions of tort liability, such as that which has occurred in Pennsylvania. Thus, the Government's right to reimbursement can be extinguished, and has been extinguished, by Pennsylvania's abolition of tort liability because Congress chose to sub-

ject such right to the tort law of Pennsylvania.

The last word, however, is still with the Congress; they are free to amend the MCRA to allow for reimbursement despite the presence of no-fault legislation, or to abolish the tort liability contingency altogether. To date, Congress has not so acted, and this Court is not free to legislate on Congress' behalf.

Therefore, we conclude that the Government is not entitled to reimbursement under the provisions of the MCRA. Accordingly, Prudential's motion for summary judgment will be granted and all other motions for summary judgment will be denied.