**UNITED STATES of America**

v.

**Gary OLIVEIRA.**

**No. CIV 79–5046.**

United States District Court,
D. South Dakota.

May 21, 1980.

Shelley M. Stump, Asst. U.S. Atty., Rapid City, S.D., for plaintiff.

Marvin D. Truhe, Rapid City, S.D., for defendant.

## MEMORANDUM OPINION

BOGUE, District Judge.

This action is brought under the Medical Care Recovery Act (MCRA), 42 U.S.C. § 2651, which provides in part as follows:

In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment . . . to a person who is injured or suffers a disease . . . under circumstances creating a tort liability upon some third person . . . to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured . . . person . . . has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished.

. . .

This case concerns an automobile accident involving two members of the military. While on a social date, Airman Rebecca L. Lindsay, a passenger in a vehicle driven by defendant, was injured when defendant lost control of the vehicle and hit a tree. As a member of the Air Force, Lindsay's medical expenses were paid by the United States. The United States is now attempting to recover a portion of these medical expenses from the defendant under the MCRA on the basis of its allegation that defendant was negligent in the operation of the motor vehicle.

Defendant has moved the Court to dismiss this action. Defendant bases this motion on the South Dakota Guest Statute[1]. Defendant argues that the United States is subrogated to any claim Airman Lindsay might have and that because there has been no allegation of willful and wanton negligence, that Lindsay, and in turn the United States, are barred by the South Dakota Guest Statute.

Most of the cases construing the MCRA have held that the Act gives the United States an independent right of recovery which is subrogated to the extent that it is subject to state substantive defenses which would negate the Act's requirement that the injury arise "under circumstances creating a tort liability upon some third person." See, United States v. Studivant, 529 F.2d 673 (3rd Cir. 1976); United States v. Haynes, 445 F.2d 907 (5th Cir. 1971); United States v. York, 398 F.2d 582 (6th Cir. 1968); United States v. Fort Benning Rifle and Pistol Club, 387 F.2d 884 (5th Cir. 1967); Hohman v. United States, 470 F.Supp. 769 (E.D.Pa.1979); United States v. Neal, 443 F.Supp. 1307 (D.Neb.1978); United States v. Greene, 266 F.Supp. 976 (N.D. Ill.1967). These cases all indicate that there must be circumstances creating a tort liability before the United States can recover from an alleged tortfeasor. And while not all of them make a distinction between substantive and procedural law, it seems clear that where the substantive law of a state bars the victim from recovery, the United States is also barred.

Therefore, the question to be answered at this point is whether the South Dakota Guest Statute is a substantive law. There are a number of definitions of substantive law, but they all essentially agree with the definition stated in the case of Bagsarian v. Parker Metal Company, 282 F.Supp. 766, 769 (N.D.Ohio 1968), where substantive law is defined as "that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcements of rights or obtaining redress." See also Occidental Life Insurance Co. of Cal. v. Kielhorn, 98 F.Supp. 288 (W.D.Mich.1951);

---

1. SDCL 32–34–1. No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such willful and wanton misconduct contributed to the injury, death, or loss for which the action is brought.

*McNichols v. Lennox Furnace Company*, 7 F.R.D. 40 (N.D.N.Y.1947); *Kellman v. Stoltz*, 1 F.R.D. 726 (N.D.Iowa 1941). It appears to this Court that the South Dakota Guest Statute does create duties, rights and obligations. It imposes upon the driver of a vehicle the duty to avoid willful and wanton negligence and gives the passenger the right to recover against the driver in the event the driver does not fulfill this duty or obligation. Therefore, this Court finds that the South Dakota Guest Statute is a substantive law and as such bars the government from recovery under the MCRA in this case, where no willful or wanton negligence is alleged.

This determination is in accord with the decision by a Federal District Court of Nebraska in the *Neal* case, *supra*, wherein it was held under similar circumstances that the Nebraska Guest Statute was a substantive law and thus prevented the United States from recovering under the MCRA. There are a couple of cases from other Federal District Courts involving similar circumstances in which it was held that a state guest statute did not bar the United States from recovery under the MCRA. *United States v. Forte*, 427 F.Supp. 340 (D.Del.1977); *Government Employees Insurance Company v. Bates*, 414 F.Supp. 658 (E.D.Ark.1975). This Court, however, does not agree with the reasoning in these cases, but instead agrees with the statement in *Neal*, *supra*, at 1312, wherein the Court stated that "*Forte* and *Bates* are ill considered and will not be followed in this case."

A statement in *Hohman*, *supra*, at 771, effectively sums up this Court's feeling as to the application of the MCRA.

> By using the language "under circumstances creating a tort liability" Congress, of its own free will, chose to impose upon the Government's right of reimbursement a contingency, that contingency being that a third person must be *liable in tort* for the Government to be entitled to reimbursement. By imposing that contingency, Congress rendered the Government's right to reimbursement

subject to the tort law of the several states, and the changes therein."

Based on the foregoing it is the judgment of this Court that this action should be dismissed.