628 F.2d 832
 Jeffrey W. HOHMAN, Appellant in 79-2349,
v.
The UNITED STATES of America and Prudential Property and
Casualty Insurance Company, United States of
America, Appellant in 79-2612.
 Nos. 79-2349, 79-2612.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) June 10, 1980.
Decided Aug. 25, 1980.
 
 Soren P. West, West, Georgelis & Chesters, Lancaster, Pa., for Jeffrey W. Hohman.
 Alice Daniel, Asst. Atty. Gen., Washington, D.C., Peter F. Vaira, Jr., U.S. Atty., Philadelphia, Pa., William Kanter, Freddi Lipstein, Attys., Civil Div., Dept. of Justice, Washington, D.C., Joan K. Garner, Asst. U.S. Atty., Philadelphia, Pa., for United States of America.
 Charles W. Craven, Paul A. Bechtel, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for Prudential Property and Cas. Ins. Co.
 Before GIBBONS, WEIS and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Plaintiff Jeffrey Hohman was on active duty with the United States Air Force on January 1, 1977 when he was injured by a collision between his automobile and one driven by Joseph L. Gross. The accident occurred in Pennsylvania and that state's No-fault Motor Vehicle Insurance Act, Pa. Stat. Ann. tit. 40, §§ 1009.101-.701 (Purdon Supp.1980), was in effect. The Prudential Property and Casualty Insurance Company insured the Hohman vehicle and provided unlimited medical expense coverage. Hohman, however, received his medical care, valued at $37,442.64, from the United States Air Force pursuant to 10 U.S.C. § 1074 (1976).
 
 
 2
 After bringing a negligence suit against Gross, Hohman received a settlement in the amount of $20,000.00. He then sought a declaratory judgment against both Prudential and the United States. Hohman requested a declaration that he was entitled to recover from the insurer the value of the medical services that had been provided by the Air Force, and that the government was not entitled to assert a subrogation claim against the settlement reached with the other driver. The United States took the position that it was entitled to reimbursement under the insurance policy for the value of the medical care in accordance with the Medical Care Recovery Act, 42 U.S.C. §§ 2651-2653 (1976).
 
 
 3
 The district court entered summary judgment in favor of Prudential and against both Hohman and the United States. Hohman v. United States, 470 F.Supp. 769 (E.D.Pa.1979).
 
 
 4
 The issues raised in this appeal are the same as those considered in the companion case of Heusle v. National Mutual Insurance Co., 628 F.2d 833 (3d Cir. 1980) decided this day. For the reasons stated in that opinion, the judgment of the district court will be affirmed.
 
 
 5
 We note that in this case, as in Heusle, there appears to be some confusion about the government's right to share in the proceeds of the third-party settlement. Here a draft for $20,000.00 was issued on behalf of Gross payable to Hohman, his attorney, and the United States. As we noted in Heusle, Hohman has no claims against Gross for medical expenses since the Pennsylvania No-fault law has eliminated tort liability for that item. Gross's liability could be predicated only on a recovery theory left undisturbed by the statute, such as liability for pain and suffering or permanent disfigurement. Because the government's right of subrogation applies only to claims for medical expenses, and because none of the $20,000.00 represents reimbursement for medical care, the United States has no claim to any part of that fund. Hohman, therefore, should take the proper steps to have a new draft issued excluding the United States as a payee.
 
 
 6
 Hohman also argues that the district court erred in refusing to allow an amendment to the complaint against Prudential, asserting a right under the policy to recover the value of lost wages. This amendment was not tendered until after the district court had entered summary judgment on the medical expense claim. We find no abuse of discretion in the refusal to accept an amendment at such a late stage in the litigation.
 
 
 7
 The judgment of the district court will be affirmed.